# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1189

_____

| | | |
|---|---|---|
| Faegre & Benson, LLP; Felicia J. Boyd; John Hinderaker, | * * * | |
| Plaintiffs - Appellees, | * * | |
| v. | * * * | Appeal from the United States District Court for the District of Minnesota. |
| William S. Purdy, sued as William S. Purdy, Sr., | * * * | [UNPUBLISHED] |
| Defendant - Appellant, | * * | |
| Please Don't Kill Your Baby, a Minnesota Corporation; Does 1-10, | * * * * | |
| Defendants. | * | |

_____

Submitted: March 17, 2005
Filed: April 4, 2005

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

This case is before the court on an interlocutory appeal from a preliminary injunction. The law firm of Faegre & Benson (Faegre) and two of its partners brought this action against appellant William S. Purdy under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), the Lanham Act, 15 U.S.C.

§§ 1114(a), 1125(a), the Minnesota Deceptive Trade Practices Act, Minn. Stat. Ann. §325D.44, and state tort law, seeking injunctive and declaratory relief as well as damages. Faegre moved for a preliminary injunction, and the district court[1] granted the motion. Its order enjoined the defendants from using domain names identical to or confusingly similar to Faegre's marks unless the protest or critical commentary nature of the attached website is apparent from the domain name itself; from using marks identical to or confusingly similar to Faegre's marks; from displaying any website whose appearance is identical or confusingly similar to the trade dress of Faegre's website; and from illegally appropriating Faegre names.

Purdy appeals, arguing that the injunction is overbroad, that his websites are noncommercial and the domain names were used to make critical comments about Faegre, that his use of Faegre's trademarks in domain names was not likely to cause confusion as to the sponsor of the sites, and that his speech is protected by the First Amendment. Faegre responds that the district court did not abuse its discretion in granting the preliminary injunction because Purdy acted in bad faith under the ACPA, Purdy's use of its trademarks was likely to confuse the public as to the source and sponsorship of the websites, Purdy is able to express his views using domain names that do not create confusion with its marks, and the First Amendment does not protect unauthorized use of trademarks likely to cause confusion. Faegre also contends that Purdy waived any challenge to the injunction involving Lanham Act and state law issues because none were mentioned in his appellate brief.

The standard for deciding whether to grant a preliminary injunction requires consideration of: (1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4)

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

whether the issuance of the preliminary injunction is in the public interest. <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  A party seeking preliminary injunctive relief need not prove a greater than fifty percent likelihood of success on the merits if the other factors weigh strongly in the party's favor, <u>id.</u>, but it must at least show there is "fair ground for litigation." <u>See</u> <u>Watkins Inc. v. Lewis</u>, 346 F.3d 841, 844 (8th Cir. 2003).  We review the district court's injunction decision for abuse of discretion. <u>United Indus. Corp. v. Clorox Co.</u>, 140 F.3d 1175, 1179 (8th Cir. 1998).

The parties briefed the issues on appeal and also presented oral argument to the court, both sides referencing our earlier decision in <u>Coca-Cola v. Purdy</u>, 382 F.3d 774 (8th Cir. 2004), a case with similar but not identical issues.  We apply the "pragmatic approach" adopted in <u>Dataphase</u>, 640 F.2d at 113, to our review at this stage of the litigation and in the interest of returning the case to the district court without undue delay.  Until now Purdy has proceeded in the district court without an attorney.[2]  He has had the benefit of legal counsel on his appeals, however, and this should help expedite the further development of this case in the district court.

Based on our review of the record presented in the district court, <u>see</u> <u>Economic Development Corp. v. Model Cities Agency</u>, 519 F.2d 740, 744 (8th Cir. 1975), the findings of the district court, and the relevant statutory framework and legal principles, we conclude that Purdy has not shown that the district court abused its discretion in issuing the preliminary injunction.

---

[2]Operating without the advice of counsel, Purdy filed an appeal of a contempt order for violating the injunction in this case even though in <u>Coca-Cola</u> we had just dismissed a similar appeal of his, explaining that an order finding a party in contempt is not a final appealable order.  Although we decline to impose sanctions for the frivolous filing of his attempted appeal from the contempt order issued by the district court, Purdy can not expect such forbearance in the future.

Accordingly, we affirm and remand for further proceedings. <u>See</u> 8th Cir. R. 47B.  Faegre's motion for sanctions is denied.

_____